**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4143**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PATRICK JAMISON SHINE,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Senior District Judge.  (3:21-cr-00011-RJC-DCK-1)

---

Submitted:  August 30, 2023                    Decided: September 12, 2023

---

Before AGEE and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Jamison Shine pleaded guilty, without a written plea agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 63 months' imprisonment. On appeal, Shine challenges his sentence on the ground that his 2020 North Carolina conviction does not qualify as a controlled substance offense under U.S. Sentencing Guidelines Manual § 4B1.2(b) (2018) in light of *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022) (holding that attempt offenses are not controlled substance offenses for purposes of USSG § 4B1.2(b)).

"The Court considers de novo whether a prior conviction is a controlled substance offense under the Guidelines." *United States v. Miller*, 75 F.4th 215, 228-29 (4th Cir. 2023) (cleaned up). "But when . . . a defendant fails to preserve his claim in the district court, he bears the burden of establishing plain error." *Id.* at 229 (internal quotation marks omitted). Shine seeks de novo review because he argued below that his North Carolina conviction did not qualify as a controlled substance offense. The Government asserts that plain error review applies because Shine did not object below on *Campbell* grounds to his North Carolina conviction qualifying as a controlled substance offense.

Regardless of which standard of review applies, the outcome is the same. In *Miller*, we held that N.C. Gen. Stat. § 90-95(a) "is a categorical match with [USSG] § 2K2.1(a)(4)(A)." 75 F.4th at 230-31. Thus, Shine's previous conviction qualifies as a controlled substance offense under USSG § 4B1.2(b), *Miller*, 75 F.4th at 231, and the

2

district court did not err in setting a base offense level of 20 under the Sentencing Guidelines.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*